# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In Re:  )  <br> ) <br> OFFICE SOURCE, INC.,  ) <br> ) <br> Debtor.  ) <br> ) | Case No. 09-34901 EEB <br><br> Chapter 7 |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Jeffrey A. Weinman, chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Office Source, Inc. ("Debtor"), requesting the entry of an order approving the sale ("Sale") of certain assets of the Debtor's Estate to Oak Point Partners, LLC ("Oak Point") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of title 11 of the United States Code ("Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## Background

3. On November 20, 2009, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Colorado (the "Bankruptcy Court").

4.     On April 16, 2010, the Bankruptcy Court entered an order converting this case to a case under chapter 7 of the Bankruptcy Code. Jeffrey A. Weinman was appointed as the interim chapter 7 trustee for the Estate. Trustee continues to serve as trustee for the Estate.

5.     Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of its creditors in accordance with his power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

6.     The Trustee has determined that there might exist property of the Debtor's Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"). The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

7.     Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burdens associated with reopening cases for later-discovered assets. Such sales provide a prudent way to fully and finally administer all assets of the Debtor's estate.

8.     Potential unknown assets might include unscheduled refunds, overpayments, deposits, claims, or other payment rights that would accrue in the future. Based on the Trustee's experience, diligence in this case, and business judgment, there are no known assets or potential future assets to investigate and administer and, thus, there is no basis to retain the unknown residual assets and keep the Debtor's case open.

9. The Trustee and Oak Point have negotiated an agreement ("Purchase Agreement") for the Sale of the Remnant Assets, substantially in the form attached hereto as Exhibit A.

## Requested Relief

10. By this Motion, the Trustee seeks the entry of an order pursuant to sections 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

11. The Purchase Agreement provides for an aggregate purchase price of $20,000 ("Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate.

12. In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; (ii) any and all Goods[1] (e.g., office furniture) of the Debtor; (iii) any books and records relating to Debtor and the Estate in the possession of Trustee or Trustee's counsel; and (iv) the Purchase Price for the Remnant Assets.

13. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

14. The Trustee believes that the Sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Oak Point should be approved as requested.

15. The material terms of the Sale are as follows:

a. The purchase price for the Remnant Assets is $20,000, payable in full upon Closing. *Purchase Agreement*, ¶ 1.

b. As requested later in this Motion, the proposed Sale Order contains a provision that Oak Point is a good faith purchaser under § 363(m) of the Bankruptcy Code. *Proposed Sale Order* ¶ 7. The PSA was negotiated in good faith at arms' length, without collusion or fraud of any kind. Debtor is unaware of any connections between Oak Point and Trustee or any other party involved in the sale process. Trustee is unaware of any conduct by Oak Point that would prevent the application of Section 363(m) of the Bankruptcy Code.

c. Pursuant to respective subsections of L.B.R. 6004-1(d):

(A) There is no agreement with management.

(B) The Purchase Agreement does not contain releases, and is an as-is, where-is sale. *Purchase Agreement* ¶ 5.

(C) The Trustee proposes a private sale of the Remnant Assets to Oak Point. The Trustee is aware of no other potential purchasers, and no other party has made any inquiries. Based on discussions with Oak Point, Trustee believes the proposed Purchase Price is higher than would ordinarily be offered for the Remnant Assets as the Purchase Price reflects a significant increase over Oak Point's initial offer. *Purchase Agreement* ¶ 1.

(D) The Purchase Agreement calls for the Sale to close within three business days of the entry of a non-appealable order of this Court approving the Sale and it terms. *Purchase Agreement* ¶ 1.

(E) The Trustee did not require a deposit, but is confident that Oak Point as a preeminent residual asset purchaser has the wherewithal to timely close.

(F) The Sale does not include an interim arrangement with the purchaser.

(G) The Trustee will release the sale proceeds after the closing only pursuant to further order of the Bankruptcy Court.

(H) The Sale does not seek a tax exemption.

(I) The Sale does not contemplate a transfer of books and records, so the Trustee will retain any books and records of the Estate. *Purchase Agreement*, p. 1.

(J) The Sale does not seek to sell causes of action under 11 U.S.C. §§ 547, 548, or 549.

(K) The proposed transaction is an assets-only sale and does not include an assumption of any liabilities to Oak Point. *Purchase Agreement* ¶ 7.

(L) The Sale is free and clear of liens, claims, and encumbrances. As further discussed, Trustee knows of no party who may claim an interest in the Remnant Assets, and as required by the Purchase Agreement, is requesting that the Bankruptcy Court approve the Sale free and clear of liens, claims and encumbrances under Section 363(f) of the Bankruptcy Code. *Purchase Agreement* ¶ 6; *Proposed Sale Order* ¶ 5.

(M) The Sale does not include a credit bid.

(N) The Sale seeks a waiver of the 14-day stay under Fed. R. Bankr. P. 6004(h). *Proposed Sale Order* ¶ 9.

**Authority for Requested Relief**

A.   **The Court Should Authorize the Private Sale of Debtor's Assets**

16.   Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17.   A debtor in possession has "ample discretion to administer the estate, including authority to conduct public or private sales of estate property." *In re Psychometric Sys, Inc.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007) (Brown, J.) quoting *In re Bakilis*, 220 B.R. 525, 532 (E.D.N.Y. 1998). ). Likewise, bankruptcy courts are given a great deal of discretion when deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.,* 973 F.2d 141, 144 (2d Cir. 1992). To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Castre*, Inc., 312 B.R. 426, 428 (Bankr. D. Colo. 2004); *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp*., 722 F.2d 1063 (2d Cir. 1983); *In re Ionosphere Clubs, Inc*., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp*., 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

18. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071.

19. Courts consider the following factors in determining whether the debtor-in-possession has exercised proper business judgment: (1) any improper or bad motive; (2) whether the price is fair and the negotiations or bidding occurred at arm's length; and (3) the adequacy of the sale procedures. *In re Castre*, Inc., 312 B.R. at 428. As demonstrated below, the Trustee has properly exercised his business judgment for the proposed sale.

20. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchaser Agreement represents a prudent and proper exercise of his business judgment under the circumstances, and is in the best interests of creditors of the Debtor's Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith and without any improper or bad motive. Trustee believes that the Purchase Price is fair and reasonable, and confirms that the negotiations occurred at arm's length. Further, a private sale is appropriate in these circumstances. But for the offer from Oak Point, Trustee would have de facto abandoned the Remnant Assets. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtor's Estate would not realize any benefit on account of the Remnant Assets. Therefore, the Trustee respectfully requests that the Court approve the sale of the Remnant Assets to Oak Point.

21. Moreover, based on the foregoing, Oak Point should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United

States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *see also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

**B. The Court Should Authorize the Sale of the Assets Free and Clear of All Interests Pursuant to § 363(f) of the Bankruptcy Code**

22. Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

  a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

  b. Such entity consents;

  c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

  d. Such interest is in bona fide dispute; or

  e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

23. Trustee knows of no lienholders who may assert a claim against the Remnant Assets. To the extent any lienholders unknown to Trustee at this time assert a claim against the

sale proceeds, then Trustee would contest that claim and the interest would be in bona fide dispute under 11 U.S.C. § 363(f)(4).

### Waiver of Stay of Order

24. To successfully implement the Purchase Agreement, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

### Notice

25. A copy of, and Notice of, this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, all parties requesting notice pursuant to Bankruptcy Rule 2002 and to those other parties in interest specified on the Order to Limit Notice Under Fed. R. Bankr. P. 2002(i) entered in the Chapter 11 case. [Docket No. 30]. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

DATED: August 10, 2018       ONSAGER | FLETCHER | JOHNSON LLC

s/ Alice A. White
Alice A. White, #14537
1801 Broadway, Suite 900
Denver, Colorado 80202
Ph: (303) 512-1123
Fax: (303) 512-1129
awhite@ofjlaw.com

*Counsel to Jeffrey A. Weinman, Chapter 7 Trustee*